# In the United States Court of Federal Claims

No. 22-732C

(Filed: January 3, 2023)

|  |  |
|---|---|
| **CRAIG K. STATEN,** | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) |
| **THE UNITED STATES,** | ) ) |
| *Defendant.* | ) ) ) |

## ORDER

      In this case, *pro se* Plaintiff, Craig K. Staten, alleges that Defendant, the United States — acting by and through the United States Department for Veterans Affairs (the "VA") — wrongfully denied Plaintiff's request for benefits under the Veteran Rapid Retraining Assistance Program (the "VRRAP"). The government, in turn, has filed a motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

      For the reasons explained below, the Court grants the government's motion and dismisses Plaintiff's complaint for lack of subject-matter jurisdiction.

## I. PROCEDURAL HISTORY

      On June 30, 2022, Plaintiff, proceeding *pro se*, filed a complaint against the United States in this Court. ECF No. 1 ("Compl."); ECF No. 1-1 ("App."). That same day, Plaintiff filed an application to proceed *in forma pauperis*, ECF No. 2, which this Court granted, ECF No. 7. On August 25, 2022, the government filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). ECF No. 8 ("Def. MTD").[1]

      On October 27, 2022, the Court issued an order directing the government to file a supplemental brief to "further explain[] its position," including whether the VRRAP is a money-mandating statute and, if so, "whether the government stands by its contention

---

[1] Plaintiff did not file a response to the government's motion to dismiss.

that the Court lacks subject-matter jurisdiction." ECF No. 9 at 2. The government filed that brief on November 9, 2022. ECF No. 10 ("Def. Suppl. Br.").

## II.     FACTUAL BACKGROUND

The VRRAP, enacted in the American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 8006, 135 Stat. 4, 113 (codified as amended at 38 U.S.C. note prec. § 3001), provides up to twelve months of tuition, fees, and housing for education and training to eligible veterans who were unemployed because of the COVID-19 pandemic.[2] In April 2021, Plaintiff, a "war era disabled service veteran," filed an application with the VA for VRRAP benefits. Compl. at 2.

On June 8, 2021, the VA's Muskogee Regional Office (the "RO") denied Plaintiff's application, finding that Plaintiff was ineligible for VRRAP benefits because Plaintiff had "[i]nsufficient [a]ctive [d]uty [s]ervice." App. at 3. On December 16, 2021, the RO reversed its decision and notified Plaintiff that he should "disregard" the RO's prior denial because "[a]fter further review of [Plaintiff]'s file, it was determined that [Plaintiff is] eligible for the [VRRAP]." App. at 4. The RO instructed Plaintiff that his school "must certify [his] enrollment before [he] can get paid" and noted that "to receive benefits, [Plaintiff] must begin training before December 11, 2022." *Id.* Subsequently, Plaintiff's school certified his enrollment and listed April 4, 2022, as the start date for his studies. *See* App. at 8 (informing Plaintiff that his school "submitted April 4, 2022 as the begin date of [his] program").

On April 13, 2022, Plaintiff sent a letter to the RO asking whether "any consideration, in whole or part, can be granted" for the RO's error in initially denying his VRRAP application. App. at 5. Specifically, Plaintiff requested reimbursement for housing expenses he incurred following the VA's erroneous denial of his VRRAP application. *Id.* ("I would like to know if any of the monthly housing allowance can be recovered due to this grave mistake made by [the VA]."). On May 19, 2022, the RO responded to Plaintiff's request for retroactive payment of the monthly housing allowance and informed Plaintiff that the VA "cannot pay for any enrollments" prior to April 4, 2022, the "begin date of his program." App. at 8.[3]

Plaintiff maintains in his complaint that, due to the VA's initial denial of VRRAP benefits, he incurred significant debt and, thus, "seeks to recover all such debts to include back monthly housing allowance." Compl. at 2. Specifically, Plaintiff seeks to recover:

---

[2] The program stopped accepting new enrollments on December 11, 2022. *See* 38 U.S.C. note prec. § 3001 (2022).

[3] Plaintiff sent a second letter to the RO on May 25, 2022, asserting the same claims. App. at 7. The Court assumes that Plaintiff did not receive the RO's response before sending this second request.

(1) "personal monies spent and borrowed monies and debts incurred due to [the VA's] error," including "borrowed funds" and "school loans" totaling $16,200; (2) "back pay for housing allowance" for the months of April 2021 through May 2022 in the amount of $1,824 per month, totaling $25,536; and (3) "[r]eimburse[ment] . . . for all credit/loans debts caused by [the VA's] error." *Id.* at 2–3.

### III.   JURISDICTION

The Tucker Act, which defines this Court's jurisdiction, "gives the Court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). Specifically, the Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004) (citing 28 U.S.C. § 1491(a)(1)).

Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, the Tucker Act "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392 (1976). Rather, "to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (first citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); and then citing *Testan*, 424 U.S. at 398). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967). Even where a plaintiff identifies a money-mandating statute or regulation, however, this Court's jurisdiction under "[t]he Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies." *United States v. Bormes*, 568 U.S. 6, 12 (2012).

### IV.   STANDARD OF REVIEW

When considering a motion to dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), the Court accepts "as true all undisputed facts asserted in the plaintiff's complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). The plaintiff, however, "bears the burden of establishing the Court's jurisdiction over its claims by a preponderance of the evidence." *Id.* (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir.

1988)). Thus, if the court finds that it lacks subject-matter jurisdiction over an action, the Court "must dismiss the action." RCFC 12(h)(3); *see also Kissi v. United States*, 493 F. App'x 57, 58 (2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." (citing RCFC 12(h)(3))).

Plaintiff is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements.").

## V.   DISCUSSION

The resolution of this case boils down to two interrelated issues: (1) whether a claim for VRRAP benefits qualifies as a claim for veterans benefits; and (2) whether this Court possesses jurisdiction to decide claims for veterans benefits. For the reasons explained below, the Court concludes that it lacks jurisdiction over veterans benefits claims and, therefore, must dismiss this case.

### A. Veteran Benefit Claims Are Distinct from Military Disability Pay Claims

Before turning to the jurisdictional issue, the Court pauses to highlight the difference between veteran benefit claims and military disability claims. Although technically both types of claims involve "benefits" in the colloquial sense — that is, each involves a claim for compensation from the government arising from military service — the two are governed by distinct systems. Specifically, veterans benefits are administered *by the VA* and are governed by VA statutes and regulations. Military disability pay claims,[4] on the other hand, "are part of *the Defense Department's* 'separate disability system that is concurrent with the VA's compensation system.'" Matthew H. Solomson, *Court of Federal Claims: Jurisdiction, Practice, and Procedure* 10-2 (2016) (emphasis added) (quoting Thomas J. Reed, *Parallel Lines Never Meet: Why the Military Disability Retirement and Veterans Affairs Department Claim Adjudication Systems Are a Failure*, 19 Widener L.J. 57, 111 (2009)). Thus, a claim "for disability retired pay from the [Department of Defense] is unaffected by an award of benefits administered by the [VA] under its own statutes." *Gamst v. United States*, 652 F.2d 70 (Ct. Cl. 1981) (unpublished table decision). Indeed, "[s]ervice members who receive severance pay or disability retirement benefits [from the

---

[4] *See* 10 U.S.C. § 1201.

Department of Defense] are also eligible for VA benefits for the same condition." Reed, *supra*, at 111.[5]

Accordingly, military disability pay claims are distinct from claims for benefits administered by the VA.

### B. This Court Lacks Jurisdiction to Review Veteran Benefit Claims

Plaintiff alleges that the VA improperly denied his request for reimbursement of expenses incurred following the VA's erroneous denial of VRRAP benefits. The government, in response, argues that this Court lacks subject-matter jurisdiction over Plaintiff's complaint because "Congress has precluded judicial review of veterans' benefits determinations in this Court." Def. MTD at 4–6; *see also* Def. Suppl. Br. at 1–3 ("[T]his Court's Tucker Act jurisdiction is preempted in this case because Congress has provided a specific and comprehensive scheme for administrative and judicial review of the VA's veterans benefits determinations in which this Court has no role."). This Court agrees with the government and finds that we lack subject-matter jurisdiction to adjudicate VRRAP claims.

Although the VRRAP appears to be a money-mandating statute,[6] and the government concedes as much,[7] this Court's Tucker Act jurisdiction, as noted above, "is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies." *Bormes*, 568 U.S. at 12; *see also Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("When . . . a 'specific and comprehensive scheme for administrative and judicial review' is provided by Congress, the Court of Federal Claims' Tucker Act jurisdiction over the subject matter covered by the scheme is preempted." (quoting *St. Vincent's Med. Ctr. v. United States*, 32 F.3d 548, 549–50 (Fed. Cir. 1994))). In such a case, "the specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute." *Bormes*, 568 U.S. at 12.

Here, Congress has established a "specific remedial scheme" that provides the exclusive remedy for the denial of veteran benefit claims: the Veterans' Judicial Review Act (VJRA) of 1988, Pub. L. No. 100–687, 102 Stat. 4105 (codified as amended in scattered sections of 38 U.S.C.). *Prestidge v. United States*, 611 F. App'x 979, 982–83 (Fed. Cir. 2015); *see also White v. Principi*, 243 F.3d 1378, 1381 (Fed. Cir. 2001) (describing the VJRA's judicial

---

[5] *See Dansby v. United States*, 2022 WL 1153479, at *2 (Fed. Cl. Apr. 19, 2022) (distinguishing military disability retirement claims under 10 U.S.C. §§ 1201 and 1204 from VA benefits claims).

[6] *See* ECF No. 9 at 2 ("The VRRAP appears money-mandating because it uses mandatory language with respect to the payment of money.").

[7] *See* Def. Suppl. Br. at 2 ("The mandatory language in the American Rescue Plan Act of 2021 regarding VRRAP benefits makes it money-mandating.").

review process as a "comprehensive statutory and regulatory scheme"). Indeed, "[c]ourts have uniformly ruled that the VJRA provides the exclusive regime for reviewing denials of veteran benefits." *Kalick v. United States*, 541 F. App'x 1000, 1001 (Fed. Cir. 2013); *accord Sindram v. United States*, 130 F. App'x 456, 458 (Fed. Cir. 2005) (per curiam) ("Before and after the passage of the VJRA, courts have construed [38 U.S.C.] § 511(a), and its predecessor § 211(a)[,] to preclude judicial review of decisions on veterans' benefits."); *see also Ashford Univ., LLC v. Sec'y of Veterans Affs.*, 951 F.3d 1332, 1340 (Fed. Cir. 2020) (discussing "Section 511(a)'s general preclusion language" and the paths of review provided thereunder (citing *Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*, 830 F.3d 570, 573 (D.C. Cir. 2016))).

Specifically, pursuant to the VJRA:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under *a law that affects the provision of benefits by the Secretary to veterans* or the dependents or survivors of veterans. . . . [T]he decision of the Secretary as to any such question *shall be final and conclusive and may not be reviewed by any other official or by any court*, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis added); *see also Perry v. United States*, 524 F. App'x 680, 681 (Fed. Cir. 2013) ("[T]he Secretary of Veterans Affairs is responsible for deciding all questions concerning the provision of benefits to veterans, or the dependents or survivors of veterans." (citing 38 U.S.C. § 511(a))).[8] A claimant may seek judicial review of a benefit determination by the Secretary or his delegate (*e.g.*, a regional office) by appealing, as a matter of right, *exclusively* to the Board of Veterans' Appeals, 38 U.S.C. § 7104(a), then to the United States Court of Appeals for Veterans Claims, *id.* § 7252(a), and finally to the United States Court of Appeals for the Federal Circuit, *id.* § 7292(c).[9]

Accordingly, this Court "has repeatedly held that it has no jurisdiction to hear claims for denial of veterans benefits." *Jackson v. United States*, 80 Fed. Cl. 560, 566 (2008); *accord, e.g., Davis v. United States*, 36 Fed. Cl. 556, 559 (1996) ("Plaintiff's primary claim is for lost veterans' disability payments. 38 U.S.C. § 511(a) precludes judicial review of

---

[8] Section 511(b) provides four exceptions to the judicial review bar, none of which apply here. *See* 38 U.S.C. § 511(b) ("The second sentence of subsection (a) does not apply to—(1) matters subject to [38 U.S.C. § 502]; (2) matters covered by [38 U.S.C. §§ 1975 and 1984]; (3) matters arising under [38 U.S.C. ch. 37]; and (4) matters covered by [38 U.S.C. ch. 72].").

[9] *See* Barton F. Stichman, *The Veterans' Judicial Review Act of 1988: Congress Introduces Courts and Attorneys to Veterans Benefits Proceedings*, 41 Admin. L. Rev. 365, 367 (1989) (noting that the VA has a "two-tier administrative process for adjudicating claims for benefits—in which a Regional Office renders an initial decision appealable by claimant to the Board of Veterans Appeals").

veterans' benefits determinations in this court."); *Carlisle v. United States*, 66 Fed. Cl. 627, 633 (2005) ("The [VJRA] provides that the exclusive remedy for the denial of veteran's benefits is to appeal to the Court of Veterans Appeals. Consequently, this court does not have jurisdiction to review the denial of veterans benefits." (citation omitted)); *Janaskie v. United States*, 77 Fed. Cl. 654, 655 (2007) ("This Court lacks jurisdiction over Plaintiff's claims for veterans benefits as the governing statutory scheme establishes a detailed multi-tiered procedure for other fora to review such claims.").

This Court thus must determine whether Plaintiff's VRRAP claims lie within the VJRA's "specific remedial scheme," such that this Court is divested of jurisdiction. In other words, this Court must decide whether Plaintiff's claims involve "a law that affects the provision of benefits . . . to veterans," pursuant to 38 U.S.C. § 511(a).

In *Bates v. Nicholson*, 398 F.3d 1355, 1365 (Fed. Cir. 2005), the Federal Circuit broadly construed the phrase "law that affects the provision of benefits . . . to veterans" as referring to any "single piece of legislation relating in whole or in part to [veterans] benefits." The VA's regulations define a "benefit" as "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).

The law at issue here, the VRRAP, provides for "retraining assistance to . . . eligible veteran[s] for the pursuit of . . . covered program[s] of education" during the COVID-19 pandemic. 38 U.S.C. note prec. § 3001 (2022). Accordingly, the VRRAP's tuition payments, housing allowances, and other assistance constitute VA "benefits," as they are "payment[s], service[s], commodit[ies], . . . [or] entitlement[s] to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans." 38 C.F.R. § 20.3(e). Thus, consistent with the Federal Circuit's reading of 38 U.S.C. § 511(a) in *Bates*, the VRRAP is a law that "affects the provision of benefits" to veterans because it provides for financial and other special training and education benefits to veterans. *See Bates*, 398 F.3d at 1365.

Because Plaintiff's VRRAP claims involve veterans benefits within the scope of the VJRA, this Court lacks subject-matter jurisdiction. *See Sindram*, 130 F. App'x at 458 ("Congress reemphasized its intent to preclude the review of benefits determinations by the Court of Federal Claims or any other federal court by passing the VJRA, 38 U.S.C. §§ 7251–98. The VJRA provides that an appeal to the Veterans Court is the exclusive judicial remedy for the denial of a veteran's benefits, thereby preempting Tucker Act jurisdiction over the plaintiff's claims."); *see also Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) ("This preclusion extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that

may affect such cases."); *Blue Water Navy Vietnam Veterans Ass'n, Inc.*, 830 F.3d at 574 (holding district court lacked jurisdiction where plaintiffs sought "review of the validity of a VA policy that leads directly to the denial of certain benefits for most, if not all, of the veterans it affects").

Our conclusion, in that regard, is consistent with that of other federal courts concerning the Veterans Retraining Assistance Program (the "VRAP"), a program similar to the VRRAP.[10]  For example, in *Jelks v. McDonald*, 2017 WL 4050314 (N.D. Ala. Sept. 13, 2017), the plaintiff alleged, *inter alia*, that the VA wrongfully denied his request for benefits under the VRAP.  The United District Court for the Northern District of Alabama determined that:

> Although [the plaintiff] does not directly seek an award of benefits . . . he cannot evade the conclusion that he essentially seeks review of the determination by the Secretary of Veterans affairs that he was not entitled to benefits. Regardless of how [the plaintiff] frames his claims, a district court simply lacks subject-matter jurisdiction to consider a claim challenging a denial of individual benefits.  Thus, [the plaintiff]'s claims are due to be dismissed for lack of subject-matter jurisdiction to the extent they challenge the denial of his veterans' benefits.

*Jelks*, 2017 WL 4050314, at *3 (footnote omitted) (citations omitted); *see also Odonoghue v. U.S. Dep't of the Army*, 2012 WL 5959979, at *1–2 (E.D.N.Y. Nov. 26, 2012) (denying plaintiff's request to reverse the VA's denial of VRAP benefits, finding that the VJRA's "statutory scheme forecloses the possibility of review for disputed veterans benefits claims in any federal district court").

Moreover, the United States Court of Appeals for Veterans Claims repeatedly has held that it has jurisdiction to review VRAP claims.  *See, e.g.*, *Lacey v. Wilkie*, 32 Vet. App. 71, 80 (2019) (addressing whether a four-year college met the requirements of the VRAP); *Welcome v. Wilkie*, 33 Vet. App. 77, 82 (2020) (finding that plaintiff was eligible for additional payments under the VRAP).

Likewise, this Court consistently has found that claims concerning VA education benefits are excluded from this Court's Tucker Act jurisdiction.  *See Williams v. United States*, 86 Fed. Cl. 594, 606 (2009) ("[Plaintiff's] claim for educational benefits is unavailing for an even more fundamental reason, *viz.*, this court lacks subject matter jurisdiction to

---

[10] "The Veterans Retraining Assistance Program (VRAP) was a short-lived program intended to provide older veterans with job retraining for various high-demand occupations." *Lacey v. Wilkie*, 32 Vet. App. 71, 73 (2019).

8

consider claims for veterans' benefits. . . . This court has no role in adjudicating a veteran's entitlement to educational benefits."); *Sanders v. United States*, 34 Fed. Cl. 75, 79 (1995) (finding that this Court "does not have jurisdiction over plaintiff's claims for veteran benefits," including "continued education benefits"), *aff'd*, 104 F.3d 376 (Fed. Cir. 1996); *Brown v. United States*, 150 Ct. Cl. 836, 837, 840 (1960) (dismissing plaintiff's claim that he was wrongfully "denied a claim for education and training benefits" under the Veterans' Readjustment Assistance Act of 1952, because "the court is without authority to review plaintiff's claim for veterans' benefits.").

Because Plaintiff's VRRAP claims concern "the provision of [veterans] benefits," 38 U.S.C. § 511(a), his claims fall squarely within the scope of the VJRA and, thus, are outside this Court's jurisdiction.

## VI. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's motion to dismiss for lack of jurisdiction pursuant to RCFC 12(b)(1). The Clerk of the Court shall enter **JUDGMENT** for Defendant, terminating this case.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge